T.C. Summary Opinion 2016-62

UNITED STATES TAX COURT

BETTY JEAN SPENCER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6024-13S.                    Filed September 26, 2016.

Betty Jean Spencer, pro se.

<u>William J. Gregg</u>, for respondent.

SUMMARY OPINION

CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Hereinafter, all section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $19,220 in petitioner's Federal income tax for her taxable year 2010.

The issue remaining for decision for petitioner's taxable year 2010 is whether petitioner is entitled to a deduction under section 170(a) with respect to certain claimed noncash charitable contributions. We hold that she is not.

## Background

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petition in this case, she resided in Virginia.

Petitioner and Steven M. Chapman jointly filed Form 1040, U.S. Individual Income Tax Return, for their taxable year 2010 (2010 return).[2] Petitioner attached to that return Schedule A, Itemized Deductions, in which she claimed, inter alia, a charitable contribution deduction with respect to total claimed noncash charitable contributions of $57,000 (certain claimed noncash charitable contributions).

---

[1](...continued)
Practice and Procedure.

[2]This case involves only petitioner. For convenience, we shall refer only to petitioner when describing the contents of the 2010 return.

Petitioner included with the 2010 return four Forms 8283, Noncash Charitable Contributions (Form 8283). Petitioner did not include with the 2010 return Section A, Donated Property of $5,000 or Less and Certain Publicly Traded Securities, of those respective Forms 8283. Instead, petitioner included with that return only Section B, Donated Property Over $5,000 (Except Certain Publicly Traded Securities) (section B),[3] of those respective Forms 8283.

There are four parts in section B of each Form 8283. Petitioner set forth certain information only in part I and in part IV of each Form 8283. In Part I, Information on Donated Property (part I), of one of those Forms 8283, petitioner claimed a deduction of $6,000 for "CLOTHING" that she claimed she had purchased for $9,000 and had donated to Antioch Baptist Church when that property was in "EXCELLENT" condition.[4] In part I of another Form 8283, petitioner claimed a deduction of $17,000 for "CLOTHING, FURNITURE, AND SMALL APPLIANCES" that she claimed she had purchased for $20,000 and had

---

[3]Instructions in section B state that a taxpayer must show in that section "only items (or groups of similar items) for which * * * [the taxpayer] claimed a deduction of more than $5,000 per item or group".

[4]Petitioner showed the name of the claimed donee of her claimed contributions in Part IV, Donee Acknowledgement, of section B of each of the four Forms 8283 that petitioner included with the 2010 return. No part IV of section B of any Form 8283 contained an acknowledgement by each of those claimed donees of petitioner's claimed contributions.

donated to Goodwill of Greater Washington (Goodwill) when that property was in "EXCELLENT" condition.[5] In part I of a third Form 8283, petitioner claimed a deduction of $18,000 for "LARGE FURNITURE" that she claimed she had purchased for $20,000 and had donated to AMVETS National Service Foundation when that property was in "EXCELLENT" condition. In part I of the fourth Form 8283, petitioner claimed a deduction of $16,000 for "CLOTHING AND SMALL APPLIANCES" that she claimed she had purchased for $20,000 and had donated to National Children's Center when that property was in "EXCELLENT" condition.[6]

Respondent issued a notice of deficiency to petitioner for her taxable year 2010 (notice). In that notice, respondent determined, inter alia, to disallow petitioner's claimed deduction under section 170(a) with respect to certain claimed noncash charitable contributions.

---

[5]Petitioner did not follow the instructions set forth in section B when she included together in that section in one of those forms "CLOTHING, FURNITURE, AND SMALL APPLIANCES", which are not similar. See supra note 3. As a result, it is not clear from the record whether petitioner's claimed value of any of those dissimilar items was greater than $5,000.

[6]See supra note 5.

## Discussion

Petitioner bears the burden of establishing that the determinations in the notice that remain at issue are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The Code and the regulations thereunder required petitioner to maintain records sufficient to establish the amount of any deduction claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

It is petitioner's position that she is entitled to a deduction under section 170(a) with respect to certain claimed noncash charitable contributions. In support of her position, petitioner relies on her testimony and certain documents, including four Forms 8283 that she included with the 2010 return, seven "DONATION RECEIPTS" (Goodwill donation receipts) that Goodwill gave her, and certain invoices relating to the purchase of certain furniture (furniture invoices). (We shall refer collectively to the documents on which petitioner relies as petitioner's claimed substantiation documents.)

With respect to petitioner's testimony, we found her testimony to be in certain material respects uncorroborated and self-serving. We shall not rely on

petitioner's testimony to establish her position that she is entitled to a deduction under section 170(a) with respect to certain claimed noncash charitable contributions. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

With respect to petitioner's claimed substantiation documents, although each Form 8283 that petitioner included with the 2010 return showed that she had purchased all of the noncash property that she claims she donated to charity, she acknowledged during her testimony that she had inherited some of that property. Petitioner also acknowledged during her testimony that Goodwill did not complete the Goodwill donation receipts, which were presigned and were the only receipts or written acknowledgments that she had for any of the noncash property that she claims she donated to a charity during 2010. Instead, she completed the Goodwill donation receipts after a Goodwill employee gave her each of the seven Goodwill donation receipts that she introduced into the record at trial.[7] Turning finally to the furniture invoices, we are satisfied that those invoices showed that petitioner purchased certain furniture described therein for the purchase prices shown therein. However, we are not satisfied from those furniture invoices or from any

_____

[7]Petitioner completed each of the Goodwill donation receipts that Goodwill gave her by showing, inter alia, her name, a description of the item(s) that she claims she donated to Goodwill, and the date on which she claims she made each such donation.

other part of the record that during 2010 petitioner donated any or all of the furniture described in those invoices to a charity. We shall not rely on petitioner's claimed substantiation documents to establish petitioner's position that she is entitled to a deduction under section 170(a) with respect to certain claimed noncash charitable contributions.

Section 170(a) allows a deduction for any charitable contribution, as defined in section 170(c), that is made during a taxable year. A taxpayer claiming a deduction under section 170(a) must satisfy certain statutory and regulatory requirements. (We shall refer collectively to the statutory and regulatory requirements as the charitable contribution deduction requirements.) See sec. 170(a), (c), (f); secs. 1.170A-1, 1.170A-13(a)-(c), Income Tax Regs. The charitable contribution deduction requirements that a taxpayer must satisfy vary depending on (1) whether the claimed contribution consists of money or property other than money and (2) the value of the contribution. See sec. 170(a), (c), (f); secs. 1.170A-1, 1.170A-13(a)-(c), Income Tax Regs. On the record before us, we find that petitioner has failed to carry her burden of establishing that she satisfies the applicable charitable contribution deduction requirements with respect to certain claimed noncash charitable contributions.

On the record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled for her taxable year 2010 to a deduction under section 170(a) with respect to certain claimed noncash charitable contributions.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing and respondent's concessions,

<u>Decision will be entered under Rule 155</u>.